IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JARED SOMEDA, | Crim. No. 10-00922 HG-01 |
| | Civ. No. 16-00092 HG-KSC |
| Petitioner, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**ORDER GRANTING VOLUNTARY DISMISSAL OF PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 133)**

Petitioner Jared Someda filed a Motion Under 28 U.S.C. § 2255, seeking relief based on the United States Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2552 (2015).

Petitioner's Section 2255 Motion was held in abeyance pending the United States Supreme Court's decision in Beckles v. United States.

Following the decision in Beckles, Petitioner filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a). The Government filed an Opposition to Petitioner's Notice.

Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence is **DISMISSED** pursuant to Fed. R. Civ. P. 41(a)(2).

1

**PROCEDURAL HISTORY**

On March 1, 2016, Petitioner filed a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 133).

On March 18, 2016, Petitioner filed a MEMORANDUM IN SUPPORT OF § 2255 MOTION. (ECF No. 135).

On April 11, 2016, the Government filed UNITED STATES' MEMORANDUM IN OPPOSITION TO PETITION OF JARED SOMEDA UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 136).

On April 15, 2016, the Court issued a Minute Order holding Petitioner's Motion in abeyance. (ECF No. 137).

On April 27, 2016, Petitioner filed his REPLY TO GOVERNMENT'S OPPOSITION. (ECF No. 138).

On July 8, 2016, the Court issued an ORDER RE: HOLDING MERITS REVIEW ON GUIDELINE AND SECTION 924(c) UNITED STATES v. JOHNSON CLAIMS IN ABEYANCE PENDING A DECISION IN BECKLES v. UNITED STATES. (ECF No. 139).

On April 13, 2017, Petitioner filed DEFENDANT-PETITIONER'S SUPPLEMENTAL MEMORANDUM, informing the Court that Petitioner's Counsel intended to seek dismissal upon receiving consent from the Petitioner. (ECF No. 140).

On April 21, 2017, the Government filed UNITED STATES OF AMERICA'S MEMORANDUM IN OPPOSITION TO DISMISSAL OF THE

DEFENDANT'S § 2255 MOTION PURSUANT TO FED. R. CIV. P. 41(a). (ECF No. 141).

On June 26, 2017, Petitioner filed a NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i) of the Section 2255 Motion. (ECF No. 142).

## ANALYSIS

Petitioner requests voluntary dismissal of his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (ECF No. 133).

Petitioner requests voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).[1]

---

[1]Rule 41(a) provides:

(a) **Voluntary Dismissal**.
   (1) *By the Plaintiff*.
      (A) *Without a Court Order.* Subject to Rule 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
         (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
         (ii) a stipulation of dismissal signed by all parties who have appeared.
      (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
   (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the

The Government objects to voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).

The Government argues that Rule 41(a) does not apply to Section 2255 proceedings. The Government argues that the Court's Order of July 8, 2016 required parties to contact the presiding judge to call a status conference. The Government asserts that the Order of July 8, 2016 did not allow Petitioner to seek voluntary dismissal.

The Government requests that the Court issue a ruling on the merits because Petitioner is unable to succeed on his Motion following the United States Supreme Court's decision in <u>Beckles</u>.

## I. Federal Rule of Civil Procedure 41(a) Applies to Section 2255 Proceedings

A federal prisoner may collaterally attack his sentence or conviction by moving the district court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). The procedures for review of a motion filed pursuant to 28 U.S.C. § 2255 are set

---

> plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

forth in the Rules Governing Section 2255 Proceedings For The United States District Courts, Pub.L. 94-426, 90 Stat. 1334 (1976); see United States v. Winkles, 795 F.3d 1134, 1145 (9th Cir. 2015).

Rule 12 of the Rules Governing Section 2255 Proceedings provides, as follows:

> The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedures, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.

Petitioner seeks to apply Federal Rule of Civil Procedure 41(a) to his Section 2255 Motion and requests voluntary dismissal.

The Government argues that Federal Rule of Civil Procedure 41(a) is inapplicable in this case because it is "inconsistent" with 28 U.S.C. § 2255 and the Rules Governing Section 2255 Proceedings. The Government's argument is not persuasive.

The majority of federal district courts that have considered the issue have agreed that voluntary dismissal is available in Section 2255 proceedings. Amaral v. United States, Cr. No. 13-00391JMS, Order Granting Voluntary Dismissal of Motion Under 28 U.S.C. § 2255, ECF No. 56, (D. Haw. Apr. 28, 2017); Hurdle v. United States, 2017 WL 1536228, *5 (E.D. Va. Apr. 27, 2017); see Volgelmeier v. United States, 2017 WL 2414681, *3 (E.D. Tenn. June 2, 2017); Valdez v. United States, 2017 WL 2290956, *2 (D.

N.M. Apr. 28, 2017); United States v. Cargill, 2017 WL 1316925, at *2 (D. Minn. Apr. 7, 2017); Goss v. United States, 2017 WL 1244900, at *1 (E.D. Mich. Apr. 5, 2017).

**II. Dismissal of Petitioner's Section 2255 Motion Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) or 41(a)(2)**

Petitioner seeks dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) without a Court Order.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) applies in situations where the notice of dismissal was filed before the opposing party files an answer. Here, the Government filed an answer to the Section 2255 Motion in this case. (ECF No. 136). Voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) is unavailable because the Government filed a response to the Section 2255 Motion prior to Petitioner's Notice of Voluntary Dismissal.

Alternatively, Petitioner seeks dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) with a Court Order. Federal Rule of Civil Procedure 41(a)(2) allows a petitioner to dismiss an action pursuant to an order of the court. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980). The decision to grant voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) rests within the sound discretion of the District Court. Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989).

The Ninth Circuit Court of Appeals has instructed that a "district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means prejudice to some legal interest, some legal claim, or some legal argument. <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 97 (9th Cir. 1996).

Uncertainty because some of the claims remain unresolved is not legal prejudice. <u>Id.</u> The possibility of another lawsuit is not legal prejudice. <u>Hamilton v. Firestone Tire & Rubber Co., Inc.</u>, 679 F.2d 143, 145 (9th Cir. 1982).

Here, the Government has not demonstrated that it will suffer legal prejudice if voluntary dismissal is granted. Dismissal will not deprive the Government of any legal interest, argument, or claim. <u>Westlands Water Dist.</u>, 100 F.3d at 97.

The question of whether voluntary dismissal would provide the Petitioner with a tactical advantage in avoiding application of Section 2255(h) to any further habeas petition is not before the Court. Plain legal prejudice does not result when the defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage. <u>Hamilton</u>, 679 F.2d at 145; <u>Smith</u>, 263 F.3d at 976; <u>Valdez</u>, 2017 WL 2290956, at *2.

Dismissal will neither prejudice the Government nor cause judicial waste. The request for dismissal was timely. The Court finds that dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is appropriate.

## CONCLUSION

Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence (ECF No. 133) is **DISMISSED** pursuant to Fed. R. Civ. P. 41(a)(2).

The Clerk of Court is **DIRECTED** to **CLOSE** Civil No. 16-00092HG-KSC.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 5, 2017.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge